Michael J. Jaurigue (SBN 208123)
michael@jlglawyers.com
Osmundo Arguello (SBN 323154)
ozzie@jlglawyers.com
Luke Rosette (SBN 360658)
luke@jlglawyers.com
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697

Attorneys for Plaintiff
MICHAEL TERRANCE ARMSTRONG

Benjamin A. Emmert, Bar No. 212157
bemmert@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorneys For Defendant
LINDE GAS & EQUIPMENT INC.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL TERRANCE ARMSTRONG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LINDE GAS & EQUIPMENT INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-3392<br><br>*Assigned for All Purposes to the Hon. Dolly M. Gee*<br><br>**JOINT RULE 26(F) REPORT**<br><br>Trial Date: None Set<br>*Complaint Filed: January 30, 2026*<br><br>*[Superior Court of California Los Angeles County, Case No. 26STCV03237]* |

Plaintiff MICHAEL TERRANCE ARMSTRONG ("Plaintiff") and LINDE GAS & EQUIPMENT INC. ("Defendant") (collectively, the "Parties") submit the following Joint Report in advance of the May 22, 2026 Scheduling Conference.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement

Plaintiff was hired by Defendants on January 8, 2018, as a Truck Driver - Task Based/CO2 Delivery Driver/Bulk Truck Driver - Union at Defendants' Long Beach Distribution facility located at 2006 East 223rd Street, Long Beach, California 90810.

Plaintiff was classified as a non-exempt, hourly employee and was a member of Teamsters Local 578, later referenced as Local 986. His direct supervisor was Salvador Ramirez, the Long Beach Distribution Superintendent.

Plaintiff's compensation progressed during his employment, starting at $23.53 per hour and ultimately reaching $27.99 per hour at the time of his termination.

Plaintiff's job duties were physically demanding and required him to transport CO2 products to clients, pull long, heavy hoses equipped with brass clamps, and crawl into small spaces to complete deliveries and installations. His typical work schedule extended from 8:00 AM to 9:00-10:00 PM, often requiring him to work up to 70 hours per week.

As a union member and experienced driver, Plaintiff was subject to mandatory overtime assignments on holidays based on seniority requirements.

Throughout his employment, Plaintiffs supervisor, Salvador Ramirez, provided positive written evaluations documenting Plaintiffs professionalism and safety record, describing Plaintiff as "one of my safest drivers" and "a model employee from the start of his employment."

During his employment with Defendants, Plaintiff sustained multiple serious work-related injuries. In 2022, Plaintiff first injured his leg at work and was treated by Defendants' company doctor. Although he initially recovered and returned to work, this incident marked the beginning of a pattern of workplace injuries that progressively worsened.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

Plaintiff subsequently developed severe physical impingement on his spine that significantly limited his ability to move and perform his job duties.

On November 15, 2022, Plaintiff worked his final day at Defendants' facility, struggling through his duties despite experiencing significant pain from his work-related injuries.

Plaintiff's condition became so severe that by November 20, 2022, he was forced to seek emergency medical treatment at Beverly Hospital, where he was unable to move and required X-rays and pain medication administered by Dr. Joseph Chan, MD.

Medical examinations subsequently revealed that Plaintiff suffered from L4-LS severe impingement, L5-S1 severe neuroforaminal impingement, and lumbar sacral disc degeneration as documented by MRI imaging in July 2023.

MRI imaging conducted on December 5, 2023, further revealed cervical spine injuries including a 2.3 mm diffuse disc bulge at the C3-4 level with mild bilateral neural foraminal stenosis, a 1.3 mm diffuse disc bulge at the C4-5 level, and a 1.7 mm diffuse disc bulge at the C5-6 level with mild left neural foraminal stenosis.

In addition to his work-related spinal injuries, Plaintiff developed several other medical conditions including joint pain in his left ankle following surgery in 2019, chronic urge urinary incontinence, hypertension, obesity, and prediabetes.

Following his emergency room visit, Plaintiff was forced to commence California State Disability leave on November 28, 2022, under Claim ID DI-1010-786-595. Plaintiff's disability period was officially recognized from November 28, 2022, to August 30, 2024.

Plaintiff also filed workers' compensation claims for his work-related injuries under case number ADJ17829413.

Throughout Plaintiff's employment and disability period, Defendants completely failed to offer or discuss any reasonable accommodation that could have allowed him to continue working despite his medical limitations. When asked about alternatives, Plaintiff states unequivocally that "No Alternatives were offered at any time."

Defendants demonstrated a complete unwillingness to explore accommodation

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

options, with management indicating that they "could only provide one week's employment time off."

Defendants made no attempt to discuss Plaintiffs medical restrictions, explore possible job modifications, or consider alternative work arrangements despite Plaintiffs documented disabilities and excellent employment record.

During his medical leave, Plaintiff was contacted by Defendants' Human Resources representative, Christin, via text message regarding his return to work. HR informed Plaintiff that his leave was not approved and that he was "not covered."

HR stated to Plaintiff: "You need to get your leave approved because right now you are not covered," placing the burden entirely on Plaintiff rather than providing the assistance required by law.

Plaintiff attempted to secure FMLA protection through Hartford but encountered significant obstacles, stating he "couldn't see doctor due to Covid-19 only phone" consultations. The COVID-19 pandemic created additional barriers to his medical care, as he could not obtain a primary care physician appointment for three months.

On or about February 27, 2023, while Plaintiff remained on California State Disability leave and was unable to work due to his documented medical conditions, Defendants terminated Plaintiffs employment for alleged "unexcused absences."

The termination occurred despite Plaintiffs exemplary employment record, his ongoing workers' compensation case for work-related injuries, and his documented disability status.

Upon termination, Plaintiff received "nothing but a letter of termination" from Defendants. Defendants failed to pay Plaintiffs final wages, accrued vacation time, or any expense reimbursements despite his years of service.

Plaintiff had consistently worked mandatory overtime and holidays, used his personal cell phone for work purposes, and incurred gas expenses that were never reimbursed by Defendants.

Plaintiff had an annual vacation entitlement of 120 hours per year, but Defendants'

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

records indicated "0 hrs owed" at termination, which Plaintiff alleges was incorrectly calculated.

Throughout his employment, Plaintiff demonstrated exceptional concern for workplace safety and consistently reported safety violations he observed at Defendants' Long Beach facility. He submitted written complaints to supervisors through Defendants' "inspection hook," documenting hazardous conditions that posed risks to both employees and the public.

Plaintiff took photographic evidence of safety violations, including images of dangerous brass hose equipment that created hazardous working conditions. Despite his good faith efforts to improve workplace safety, Plaintiff never received feedback about his complaints from management.

Prior to his work-related injuries, Plaintiff received a disciplinary suspension for a vehicle accident in which he clipped a wing mirror.

As a result of Defendants' unlawful actions, Plaintiff has suffered significant harm including loss of employment, loss of wages and benefits, emotional distress, and financial hardship. Plaintiff continues to receive ongoing medical treatment for his work-related injuries and is currently in the process of receiving permanent disability determination.

**B. Defendant's Statement**

Plaintiff started working for Linde on about January 8, 2018 as a commercial truck driver. He worked for Linde in this capacity throughout his employment. As a commercial truck driver, Linde (as well as California law) required he have and maintain a valid commercial driver's license.

Plaintiff was a member of a union (the General Teamsters Airline, Aerospace & Allied Employees, Warehousemen, Drivers, Construction, Rock and Sant Local 986) during his employment. Accordingly, the terms, conditions, and privileges of his employment with Linde were governed by the CBA entered into between Linde and his Union.

The CBA that was in effect from April 28, 2020 to April, 27, 2023 stated, in pertinent

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

part, that, if "Employee is absent from work for three (3) consecutive days without notifying the Facility Tricking Manager of a reasonable cause, in which case the Employee shall be considered for the purpose of seniority to have quit voluntarily."

About 14 months after stating with Linde, Plaintiff requested, and Linde granted him a leave of absence under its leave policy(ies). Specifically, Linde granted Mr. Anderson a leave of absence that was originally scheduled to run from March 14, 2019, to March 27, 2019. At Mr. Anderson's request, his leave was extended to six (6) times as follows: (1) to June 5, 2019; (2) to September 2, 2019; (3) to May 19, 2020; (4) to June 9, 2020; (5) to June 30, 2020; and (6) finally to September 1, 2020.

Linde returned Plaintiff to work following this leave September 2, 2020. He worked from September 2, 2020, until about November 18, 2022, at which time he requested a further leave of absence. Linde later discovered he requested this time off because he had been arrested for DUI and lost his commercial driver's license.

On or after November 14, 2022, Plaintiff was arrested and charged with DUI. On November 22, 2022, his driver's license was suspended. By about December 1, 2022, his commercial driver's license was suspended and he was deemed disqualified from operating a commercial motor vehicle. Pursuant to California law, this suspension was to last from December 1, 2022, until December 8, 2023. See Cal. Veh. Code § 15300a1. Plaintiff was therefore disqualified from performing his job duties as a commercial truck driver for Linde from December 8, 2022, to December 8, 2023, by operation of law.

Plaintiff last performed any work for Linde on November 14, 2022.

Plaintiff did not initially notify Linde that his license had been suspended. Rather, on about November 18, 2022, Plaintiff requested a leave of absence under the FMLA. Because he had not submitted the necessary paperwork for an FMLA leave, Linde granted his request and placed him on a FMLA leave through November 27, 2022. However, Linde directed him to submit the necessary paperwork to support extending the FMLA past that date. He did not do so. Linde, however, kept him on a personal leave of absence from November 18, 2022, to February 27, 2023.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

Linde participates in the DMV's Pull Notice Program through which it is able to track, at least on an annual basis, the status of its driver's commercial driver's licenses. When conducting a routine review of the Pull Notice Program documents in the end of 2022/beginning of 2023, Linde learned that Plaintiff's commercial driver's license had been suspended as of November 2022.

To confirm DMV's information was accurate, Linde requested Plaintiff provide a copy of his current valid commercial driver's license. He never provided the requested information.

Because he failed to provide Linde any information justifying his absence from work, and later failed to provide any information that he was still eligible to driver a commercial motor vehicle, on February 27, 2023, Linde terminated his employment under Article 1, Section 7 of his CBA because he had "been absent for three consecutive days without notifying the facility Trucking Manager of a reasonable absence." Linde did not discriminate or otherwise treat Plaintiff improperly at any time during his employment or when it terminated his employment.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

## II. SUBJECT MATTER JURISDICTION

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.

## III. LEGAL ISSUES

The Parties currently believe that the principal legal issues in this case are:

- Issue 1: Whether Defendant discriminated against Plaintiff on the basis of his alleged disability in violation of the Fair Employment and Housing Act ("FEHA");
- Issue 2: Whether Defendant failed to provide Plaintiff a reasonable accommodation for his alleged disability in violation of the FEHA;
- Issue 3: Whether Defendant failed to engage in the interactive process in violation of the FEHA;
- Issue 4: Whether Defendant failed to take reasonable steps to prevent

discrimination, harassment and/or retaliation violation of the FEHA;

- Issue 5: Whether Defendant retaliated against Plaintiff for Plaintiff filing a Workers' Compensation claim;
- Issue 6: Whether Defendant failed to pay Plaintiff all wages on the termination of his employment; and,
- Issue 7: Whether Defendant timely paid Plaintiff all wages on the termination of his employment. wrongfully terminated Plaintiff in violation of public policy;

## IV. PARTIES, WITNESSES, & EVIDENCE

### A. Plaintiff's Statement

Plaintiff's witnesses will include Plaintiff, Plaintiff's managers, Plaintiff's co-workers, the doctors that Plaintiff treated with for his qualifying disability and any other percipient witnesses identified in Defendant's initial disclosures or other discovery.

Plaintiff anticipates the following documents for discovery: (a) documents related to Plaintiff's employment, including any written communications between Defendant and Plaintiff; (b) documents related to the reasons for Plaintiff's termination, including any documents related to requests for accommodation and Plaintiff's performance; (c) documents relating to all relevant issues, including Plaintiff's claims as to discrimination and retaliation, failure to engage in the good faith interactive process, wrongful termination, and alleged damages; and (d) responses to Plaintiff's written discovery requests.

### B. Defendant's Statement

Defendant's witnesses will include Plaintiff, Plaintiff's managers, and the individuals that investigated Plaintiff's violations of Defendant's policies and procedures. Defendant anticipates conducting discovery on Plaintiff's claims.

## V. DAMAGES

Plaintiff claims past and future lost wages, benefits and earning capacity, emotional distress damages and attorneys' fees and costs in an amount subject to proof at trial.

///

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

## VI. MOTIONS

Plaintiff does not anticipate filing any motions at this time. Plaintiff may file discovery-related motions if the need arises.

Defendant anticipates filing a motion for summary judgment after conducting discovery.

The Parties proposed final motion hearing cut-off date is February 12, 2027.

## VII. MANUAL FOR COMPLEX LITIGATIONS

The Parties do not anticipate utilizing any of the procedures of the Manual for Complex Litigation.

## VIII. STATUS OF DISCOVERY & DISCOVERY PLAN

The Parties have not yet engaged in discovery but intend to promptly do so.

### A. Initial Disclosures.

The Parties propose that they will make initial disclosures by June 19, 2026, pursuant to the Parties' agreement.

### B. The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused Upon Particular Issues.

The Parties anticipate conducting written discovery and depositions regarding all relevant issues, including Plaintiff's claims as to alleged discrimination and retaliation, failure to provide reasonable accommodations and to engage in the good faith interactive process, alleged damages, and Defendant's defenses. The Parties propose completing fact discovery in advance of expert discovery.

### C. Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced.

The Parties agree that any such ESI will be produced in .pdf form, with any attachments included, unless another mode of production is requested due to the nature of the ESI or unless otherwise kept in the ordinary course of business. The Parties commit to working cooperatively regarding the production of such materials.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

**D. Issues About Claims of Privilege or of Protection as Trial Preparation Materials.**

If appropriate based on the nature of the discovery sought by the Parties, the Parties agree to work together to prepare a stipulated Protective Order for the Court's review.

**E. Changes In the Limitations on Discovery Imposed Under the Federal Rules or by Local Rules, And Other Limitations Which Should Be Imposed**.

The Parties do not presently believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules, or that any other limitations should be imposed at this time.

**F. Fact Discovery Cutoff.**

The Parties proposed fact discovery cutoff is January 22, 2027.

**G. The Timing of Expert Disclosures & Expert Discovery Cutoff.**

The Parties' proposed timing of expert disclosures is December 9, 2026.

The Parties' proposed timing of expert discovery cut-off is March 5, 2027.

**H. Independent Expert or Master**

The Parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

## IX. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION ("ADR")

The Parties have discussed exploring resolution of the matter. The Parties favor ADR Procedure No. 3 (private mediation) under L.R. 16-15.4.

## X. TRIAL ESTIMATE & TRIAL COUNSEL

The Parties estimate a 5-day trial.

At this time, the Parties do not yet know how many total witnesses they contemplate calling.

Trial Counsel:

For Plaintiff: Michael J. Jaurigue, Osmundo Arguello, and Luke Rosette. Plaintiff reserves the right to designate additional co-counsel if the need arises.

For Defendant: Benjamin A. Emmert.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

## XI. TRIAL DATE AND PRETRIAL CONFERENCE

The Parties' proposed final pre-trial conference date is June 8, 2027. The Parties proposed trial date is June 21, 2027.

## XII. MAGISTRATE JUDGE

The Parties decline to try the case before a Magistrate judge.

## XIII. OTHER ISSUES

The Parties agree that any issues of punitive damages should be bifurcated.

At this time, the Parties do not anticipate amending the pleadings to add any claims or parties, but both Parties reserve the right to do so should circumstances change or new information is learned in discovery.

Dated: May 8, 2026

JAURIGUE LAW GROUP

Michael J. Jaurigue
Osmundo Arguello
Luke Rosette

Attorneys For Plaintiff
MICHAEL TERRANCE ARMSTRONG.

Dated: May 8, 2026

LITTLER MENDELSON, P.C.

Benjamin A. Emmert

Attorneys For Defendant
LINDE GAS & EQUIPMENT INC.

4908-2150-5705.1 / 105830