UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Terrance Armstrong,<br>Plaintiff,<br>v.<br>Linde Gas & Equipment, Inc., et al.,<br>Defendants. | CASE NO. CV 26-3392-DMG (AJRx)<br><br>**SCHEDULING AND CASE MANAGEMENT ORDER FOR JURY TRIAL** |

**PLEASE READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

**<u>SEE THE LAST PAGE OF THIS ORDER FOR THE SCHEDULED DATES</u>.**

**The term "Counsel," as used in this Order, includes parties appearing *pro se*.**

The Court has scheduled the dates set forth on the last page of this Order after review of the parties' Joint Scheduling Conference Report. Therefore, the Court deems a Scheduling Conference unnecessary and hereby vacates the hearing. Where possible, the Court has implemented the parties' suggested dates with some adjustments to better accommodate the Court's calendar and procedures. The dates and requirements set forth in this Order are firm. The Court is unlikely to grant continuances, even if stipulated by the parties, unless the

parties establish good cause through a proper showing.

## I. JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All motions to add parties or to amend the pleadings must be noticed to be **heard** on or before the specified deadline in the attached schedule. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

## II. DISCOVERY AND DISCOVERY CUT-OFF

### A. Non-Expert Discovery

All non-expert discovery shall be completed by the non-expert discovery cut-off date. **THIS IS NOT THE DATE BY WHICH DISCOVERY REQUESTS OR DISCOVERY MOTIONS MUST BE FILED AND SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY, INCLUDING ALL HEARINGS ON ANY RELATED MOTIONS, IS TO BE COMPLETED.** In an effort to provide further guidance to the parties, the Court notes the following:

1. Depositions. All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date. Given the requirements of notice and "meet and confer," that means that in most cases a planned motion to compel would have to be discussed with opposing counsel approximately six weeks before the cut-off.

2. Written Discovery. All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cutoff date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

3. Discovery Motions. Whenever possible, the Court expects the parties

to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. If they do so, resort to the Court for guidance in discovery is seldom necessary. Any motion challenging the adequacy of responses to discovery must be filed, served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

**B. Expert Discovery**

All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

## III. <u>MOTIONS AND MOTION CUT-OFF</u>

The Court has established a cut-off date for the filing and service of motions for the Court's law and motion calendar. Counsel should consult the Court's Standing Order, provided at the commencement of this action, to determine the Court's requirements concerning motions. Counsel also may consult the Court’s website at www.cacd.uscourts.gov>Judges’ Procedures and Schedules>Hon. Dolly M. Gee for further information regarding motion procedures.

## IV. <u>SETTLEMENT PROCEDURES</u>

A settlement procedure must be identified in every case pursuant to General Order 11-10, § 5.1 and Local Rule 16-15 *et seq*. If counsel have received a Notice to Parties of Court-Directed ADR Program (ADR-08), the case will be presumptively referred to the Court Mediation Panel or to private mediation, unless the parties specify otherwise. *See* General Order 11-10, § 5.1. Counsel must complete a settlement conference no later than the date set by the Court at the scheduling conference. Not to the exclusion of other procedures, the available alternatives include:

(1) a settlement conference before the magistrate judge assigned to the case;

(2) a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;

(3) the employment (at the parties' expense) of a private judge, mediator, or arbitrator.

The Court will consider holding a settlement conference at the request of the parties in jury trial cases, provided that (a) the parties are satisfied that the fact issues in the case will be tried by a jury; (b) all significant pre-trial rulings which the Court must make have been made; and (c) the parties desire Judge Gee to conduct the conference, understanding that if settlement fails, she will preside over trial of the case.

The parties must file a Status Report regarding settlement at the time they lodge the proposed final pretrial conference order. This Report shall not disclose the parties' settlement positions, i.e., the terms of any offers or demands. It shall merely describe the efforts made by the parties to resolve the dispute informally, i.e., the occasions and dates when the parties participated in mediation or settlement conferences. The Status Report shall also include the name of the Settlement Officer who assisted the parties with their settlement conference.

No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

## V. <u>FINAL PRETRIAL CONFERENCE</u>

**A.** A final pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8. Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to serve as lead trial counsel. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes.

**B. Local Rule 16 Filings**

Carefully prepared memoranda of contentions of fact and law, witness lists, joint exhibit list, and a proposed final pretrial conference order shall be submitted in accordance with the Local Rules, and the format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules. Failure of these documents to comply with these requirements may result in the final pretrial conference being taken off-calendar or continued, or in other sanctions.

**C. Joint Trial Witness Time Estimate Form**

The parties will prepare a Joint Trial Witness Time Estimate form in substantially the format as the sample at "Attachment A" herein.

**D. Pretrial Exhibit Stipulation**

The parties shall prepare a pretrial exhibit stipulation that shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's brief response. **All exhibits to which there is no objection shall be deemed admitted, provided that the exhibit is offered as evidence at trial either through a relevant witness or pursuant to the parties' written stipulation for admission of the exhibit without witness testimony.** The parties shall stipulate to the authenticity and foundation of exhibits whenever possible, and the pretrial exhibit stipulation shall identify any exhibits to which authenticity and/or foundation have not been stipulated and the specific reasons for the parties' failure to stipulate.

The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff(s)'/Defendant(s)' Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | Response to Objection |
|---|---|---|---|

The pretrial exhibit stipulation shall be filed at the same time counsel lodge the

proposed pretrial conference order. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections. **Do not submit** blanket or boilerplate objections to the opposing party's exhibits. These will be disregarded and overruled.

**E. Proposed Final Pretrial Conference Order**

The form of the proposed final pretrial conference order shall comply with Appendix A to the Local Rules. In drafting the proposed final pretrial conference order, the Court expects that the parties will attempt to agree on and set forth as many non-contested facts as possible. The Court will usually read the uncontested facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case. In specifying the claims and defenses under Section 7 of the proposed final pretrial conference order, each party shall closely follow the examples set forth in Appendix A of the Local Rules. As those examples demonstrate, the parties should attempt to state issues in terms of the elements of the claims or defenses (ultimate facts), not in the form of evidentiary fact issues. The elements to most claims and defenses can be found in the model jury instructions. Counsel are reminded that the purpose of this section is to focus and clarify the issues to be presented at trial, not to provide legal arguments in support of each side’s respective positions. Legal arguments may be presented in the parties’ memoranda of contentions of fact and law.

**F. Agreed Statement of the Case**

The parties shall jointly prepare an objective, non-argumentative statement of the case which the Court shall read to all prospective jurors at the beginning of voir dire. The statement usually should not be longer than one or two paragraphs.

**G. Due Dates**

The memoranda of contentions of fact and law, witness lists, joint exhibit list, pretrial exhibit stipulation, joint trial witness time estimate form, and proposed final pretrial conference order are due not later than twenty-one (21)

days before the final pretrial conference, unless otherwise ordered by the Court.

### H. Other Documents

Other documents to be filed in preparation for, and issues to be addressed at, the final pretrial conference are discussed below.

## VI. ADDITIONAL TRIAL PREPARATION

### A. Motions *In Limine*

All motions *in limine* must be filed at least twenty-one (21) days before the final pretrial conference. Each motion should be separately filed and numbered sequentially. Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intends to introduce the disputed evidence, and to attempt to reach an agreement that would obviate the motion. Opposition must be filed fourteen days before the final pretrial conference. Reply briefs will not be accepted without leave of the Court. The Court generally will rule on motions *in limine* at the final pretrial conference. Motions in *limine* should address specific issues (i.e., *not* "to exclude all hearsay," etc.). Motions *in limine* should not be disguised motions for summary adjudication of issues.

The Court limits the number of *in limine* motions which a party or group of affiliated parties may file to **four**, not including (1) any *in limine* motion which seeks an exclusionary sanction under Rule 37(c)(1) of the Federal Rules of Civil Procedure and (2) any *in limine* motion which invokes the Court's power under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993), to exclude or limit expert testimony. Motions made on the latter two grounds shall prominently state the basis for the motion in the title of the motion on the caption page. Any party desiring to tender any other *in limine* motions beyond those permitted above shall file an *ex parte* application no later than **seven days** prior to the due date for such motions,

attaching the proposed motion and making a showing why it is imperative that the issue be dealt with by a motion *in limine*.

**B. Jury Instructions, Special Verdict Forms, Voir Dire, Jury Selection**

1. Fourteen (14) days before the meeting of counsel required by Local Rule 16-2, plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms, and defendant shall serve defendant's proposed jury instructions and special verdict forms as to any affirmative defenses, counterclaims, etc. Within ten (10) days, each shall serve objections to the other's instructions and verdict forms. Before or at the Rule 16-2 meeting, counsel are ordered to meet and confer and attempt to come to agreement on the proposed jury instructions and verdict forms.

2. When the *Manual of Model Jury Instructions for the Ninth Circuit* provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case. Where language appears in brackets, the appropriate language should be selected. All blanks should be completed. Where California law applies, counsel should use the current edition of *California Jury Instructions - Civil* ("CACI"). If neither of these model instructions is applicable, counsel should consult the current edition of O'Malley, et al., *Federal Jury Practice and Instructions*. Each requested instruction shall (a) cite the authority or source of the instruction, (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principles of law contained in any other requested instruction.

Counsel may submit alternatives to these instructions only if counsel has a reasoned argument that they do not properly state the law or they are incomplete.

As the Court uses the following standard preliminary instructions, the parties need not submit them (unless they wish to request that the Court deviate from them or to fill in substantive information such as in the "Claims and Defenses" instruction): 1.1B (Duty of Jury), 1.2 (Claims and Defenses), 1.3 (Burden of Proof - Preponderance of the Evidence); 1.5 (Two or More Parties - Different Legal Rights); 1.6 (What is Evidence); 1.7 (What is Not Evidence); 1.8 (Evidence for Limited Purpose); 1.9 (Direct and Circumstantial Evidence); 2.11 (Expert Opinion); 1.10 (Ruling on Objections); 1.11 (Credibility of Witnesses); 1.12 (Conduct of the Jury); 1.13 (No Transcript Available to Jury); 1.14 (Taking Notes); 1.18 (Bench Conferences and Recesses); and 1.19 (Outline of Trial).

3. At the time of filing the proposed final pretrial conference order, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement. All blanks in standard forms should be filled in. The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law. If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions, unless that party wishes to waive jury trial.

4. At the same time, each party shall file its proposed jury instructions that are objected to by any other party. Each disputed instruction must have attached a short (one or two paragraph) statement, including points and authorities in support of the instruction as well as a brief (one or two paragraph) statement, including points and authorities, in support of any objections. A proposed alternative instruction must be provided, if applicable. If the Court believes that there are so many disputed instructions that the trial would be unnecessarily interrupted in order for the Court to resolve disputes, the Court may determine that the matter is not yet ready to be tried, and may order counsel to continue to meet and confer until most of the disputes are resolved.

5. Counsel must email the documents described in paragraphs 3 and 4 in

Word or WordPerfect 9 (or above) format to dmg_chambers@cacd.uscourts.gov at the time they file their proposed jury instructions.

6. The Court will send one or more copies of the instructions into the jury room for the jury's use during deliberations. Therefore, in addition to the copies described above, the disk must contain a "clean" set of jury instructions, containing only the text of the instruction (one per page) with the caption "Instruction No. __" at the top (eliminating titles, supporting authority, etc.).

7. Counsel must provide an index of all instructions submitted, which must include the following:

a. The number of the instruction;

b. The title of the instruction;

c. the source of the instruction and any relevant case citations;

d. The page number of the instruction.

For example:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Trademark - Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

8. **FAILURE TO FOLLOW THE PRECEDING PROVISIONS OF THIS SECTION WILL SUBJECT THE NON-COMPLYING PARTY AND/OR ATTORNEY TO SANCTIONS AND WILL BE DEEMED TO CONSTITUTE A WAIVER OF JURY TRIAL.**

9. During the trial and before argument, the Court will meet with counsel and settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

10. At the time of filing the proposed final pretrial conference order, counsel should file a jointly prepared one or two page statement of the case to be read by the Court to the prospective panel of jurors before commencement of voir

dire.

11. The Court will conduct the voir dire. The Court provides a list of basic questions, and may provide a list of additional questions to jurors before voir dire. (This is not a questionnaire to be completed by jurors.) Counsel may, but are not required to, submit a list of proposed case-specific voir dire questions at the time they file the proposed final pretrial conference order.

12. Generally, the Court will select seven or eight jurors. Each side will have three peremptory challenges. If fourteen jurors are seated in the box and all six peremptories are exercised, the remaining eight jurors will constitute the jury panel. If fewer than six peremptories are exercised, the eight jurors in the lowest numbered seats will be the jury. The Court will not necessarily accept a stipulation to a challenge for cause. If one or more challenges for cause are accepted, and all six peremptories are exercised, the Court may decide to proceed with six or seven jurors.

**C. Trial Exhibits**

1. Counsel are to prepare their exhibits for presentation at the trial by placing them in tabbed binders indexed by exhibit number with exhibit tags placed consistently on the top or bottom right corner. Digital exhibit tags are available on the Court's website under Court Forms > General Forms > Form G-14A (plaintiff) and G-14B (defendant). Digital exhibit tags may be used in place of the tags obtained from the Clerk’s Office. Counsel shall submit to the Court an original and one copy of the binder. The exhibits shall be in three-ring binders labeled on the spine portion of the binder as to the volume number <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Local Rule 16-6.

2. The Court requires that the following be submitted to the courtroom deputy clerk on the first day of trial:

a. One binder of <u>original exhibits</u> with the Court’s exhibit tags

affixed to the front of the exhibit on the upper or lower right-hand corner with the case number, case name, and exhibit number placed on each tag.

b. One binder with a copy of each exhibit tabbed with exhibit numbers as described above for use by the Court.

c. Three copies of joint exhibit list. See ¶ 14(b) of Judge Gee's Procedures and Schedules on the Central District of California's website for a sample format for the joint exhibit list.

d. Three copies of witness lists in the order in which the witnesses expect to be called to testify.

3. Where a significant number of exhibits will be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be made intelligible to the jury while it is being presented. Counsel may consider such devices as overhead projectors, jury notebooks for admitted exhibits, or enlargements of important exhibits. The Court has an Elmo and other equipment available for use during trial. Contact the IT Help Desk at 213-894-3061 if you wish to arrange training on the Court's Audio Visual Equipment. The Court does not permit exhibits to be "published" by passing them up and down the jury box. Exhibits may be displayed using the screen in the courtroom, only if the process does not become too time-consuming.

**D. Jury Trial**

On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 4:00 p.m. On the first day of trial counsel must appear at 8:30 a.m. to discuss preliminary matters with the Court. The jury panel will be called when the Court is satisfied that the matter is ready for trial. Except in rare situations, jury selection usually takes only a couple of hours. Counsel should be prepared to proceed with opening statements and witness examination immediately after jury selection. After the first day of trial, trial days continue every day from 9:00 a.m. to approximately 4:00 p.m. with two fifteen-minute breaks and a 75-minute lunch

break, unless otherwise ordered by the Court.

## VII. CONDUCT OF ATTORNEYS AND PARTIES

### A. Opening Statements, Examining Witnesses, and Summation

1. Counsel must use the lectern for opening statements, examination of witnesses, and summation.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

3. The Court will honor (and may establish) reasonable time estimates for opening and closing arguments, examination of witnesses, etc.

### B. Objections To Questions

1. Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise to state the objection and state only that counsel objects and the concise legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

### C. General Decorum

1. Counsel should not approach the witness box without specific permission. Counsel should not question a witness at the witness stand.

2. Counsel should rise when addressing the Court, and when the jury enters or leaves the courtroom.

3. Any request for the re-reading of questions or answers shall be addressed to the Court. Such requests should be limited.

4. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

5. Where a party has more than one lawyer, only one may conduct the

direct or cross-examination of a particular witness, or make objections as to that witness.

**D. Promptness of Counsel and Witnesses**

1. The Court makes every effort to begin proceedings at the time set. Promptness is expected from counsel and witnesses. The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances.

2. If a witness was on the stand at a recess, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3. Counsel must notify the courtroom deputy clerk in advance if any witness should be accommodated based on a disability or for other reasons.

4. Counsel should coordinate the scheduling of witnesses so that there is no delay in the calling of witnesses to the stand.

5. The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

**E. Exhibits**

1. Each counsel should maintain counsel's own list of exhibits and should note when each has been admitted into evidence (if not already admitted pursuant to the pretrial exhibit stipulation).

2. Each counsel is responsible for any exhibits that counsel secures from the courtroom deputy clerk and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the courtroom deputy clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4. Counsel are to advise the courtroom deputy clerk of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

5. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

6. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

**F. Depositions**

1. All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the courtroom deputy clerk on the first day of trial or such earlier date as the Court may order. Counsel should verify with the clerk that the relevant deposition is in the clerk's possession.

2. In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.

b. If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

3. Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or (b)

have counsel read both the questions and answers.

**G. Advance Notice of Unusual or Difficult Issues**

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice. Counsel are directed to notify the courtroom deputy clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine.* *See* Fed. R. Evid. 103. Counsel must also advise the clerk at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. The Court will not keep jurors waiting.

The Court appreciates counsel's anticipated cooperation and compliance with this Order.

IT IS SO ORDERED.

DATED: July 15, 2026

Dolly M. Gee
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

## JOINT TRIAL WITNESS TIME ESTIMATE FORM

Case No. and Title: ____________________ Trial Date: ____________

| No. | Witness | | | |
|---|---|---|---|---|
| 1. | **[INSERT WITNESS NAME]** | | | |
| | Direct Examiner: | [insert party name] | Direct Exam Time Est.: | : |
| | Cross Examiner: | [insert party name] | Cross Exam Time Est.: | : |
| | Brief Description of Testimony: | | | |
| 2. | **[INSERT WITNESS NAME]** | | | |
| | Direct Examiner: | [insert party name] | Direct Exam Time Est.: | : |
| | Cross Examiner: | [insert party name] | Cross Exam Time Est.: | : |
| | Brief Description of Testimony: | | | |
| 3. | **[INSERT WITNESS NAME]** | | | |
| | Direct Examiner: | [insert party name] | Direct Exam Time Est.: | : |
| | Cross Examiner: | [insert party name] | Cross Exam Time Est.: | : |
| | Brief Description of Testimony: | | | |

(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident" or "expert on standard of care"; (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g., if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g., "Needs interpreter"; (5) Entries may be in handwriting if very neat and legible.

Judge Dolly M. Gee

**SCHEDULE OF PRETRIAL & TRIAL DATES (JURY TRIAL)**

Case No.: CV 26-3392-DMG (AJRx)

Title: Michael Terrance Armstrong v. Linde Gas & Equipment, Inc., et al.

| MATTER | COURT ORDERED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [ x ] Jury<br>Duration Estimate: 5 days | 6-22-27<br>(Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE (FPTC)**<br>4 wks before trial | 5-25-27<br>(Tuesday) | 2:00 p.m. |

| MATTER | COURT ORDERED DATE |
|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (by stip or motion, and includes hearing of motions to amend) | 8-21-26 |
| Non-Expert Discovery Cut-Off<br>(includes hearing of discovery motions) | 1-22-27 |
| Motion Cut-Off (filing deadline)<br>Last hearing date for dispositive motions | 2-12-27<br>3-12-27 |
| Initial Expert Disclosure & Report Deadline | 12-9-26 |
| Rebuttal Expert Disclosure & Report Deadline | 1-6-27 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | 3-5-27 |
| Settlement Conference Completion Date | 4-27-27 |
| Joint Status Report re Settlement | 5-4-27 |
| Motions in Limine Filing Deadline | 5-4-27 |
| Opposition to Motion in Limine Filing Deadline | 5-11-27 |
| | |
| Proposed Pretrial Conference Order | 5-4-27 |
| Contentions of Fact/Law | 5-4-27 |
| Pretrial Exhibit Stipulation | 5-4-27 |
| Joint Exhibit List | 5-4-27 |
| Witness Lists & Joint Trial Witness Time Estimate Form | 5-4-27 |
| Agreed Statement of the Case | 5-4-27 |
| Proposed Voir Dire Questions | 5-4-27 |
| Joint Statement of Jury Instructions &<br>Joint Statement of Disputed Instructions | 5-4-27 |
| Verdict Forms | 5-4-27 |